| | |
|---|---|
| PENACHIO MALARA, LLP<br>Anne Penachio, Esq.<br>245 Main Street - Suite 450<br>White Plains, New York 10601<br>T: (914) 946-2889<br>F: (914) 206-4884 | PRESENTMENT DATE & TIME:<br>NOVEMBER 10, 2022 AT 12:00 NOON |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
In re                                                  :        CHAPTER 11
                                                    :        (Subchapter V)
   LAURA MARCELA PIGNATARO       :
   a/k/a MARCELA PIGNATARO          :
   a/k/a LAURA MOLINA,                  :
                                                    :        CASE NO.: 22-22276-SHL
                                                      :
                            Debtor.    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**NOTICE OF PRESENTMENT OF ORDER AUTHORIZING THE RETENTION OF MALTZ AUCTIONS AS REAL ESTATE BROKER, MARKETING AGENT AND AUCTIONEER FOR THE DEBTOR**

 **PLEASE TAKE NOTICE** that upon the annexed application (the "Application") of **PENACHIO MALARA LLP**, made on behalf of **LAURA MARCELA PIGNATARO** a/k/a **MARCELA PIGNATARO** a/k/a **LAURA MOLINA**, the above-referenced debtor (the "Debtor") pursuant to Section 327(a) of Title 13, United States Code, as amended (the "Bankruptcy Code"), and Bankruptcy Rule 2014(a) seeking authority to employ **MALTZ AUCTIONS** as real estate broker, marketing agent and auctioneer with respect to the marketing of the premises at 20 Kings Ferry Road, Montrose, NY 10548 the annexed order will be presented to the Honorable Sean H. Lane, United States Bankruptcy Judge, in his Chambers at the United States Bankruptcy Court, Charles L. Brieant, Jr. Federal Building and Courthouse, 300 Quarropas Street, White Plains, NY 10601 on November 10, 2022 at 12:00 Noon.

**PLEASE TAKE FURTHER NOTICE,** that a copy of the Application is available on the Bankruptcy Court website, www.nysb.uscourts.gov, and from the undersigned on request.

**PLEASE TAKE FURTHER NOTICE**, that, objections, if any, should be filed and served upon the undersigned with a copy delivered to the Bankruptcy Judge's Chambers, on or before the presentment date. In the event that no objections are interposed, the proposed order may be entered.

**PLEASE TAKE FURTHER NOTICE**, that in the event that objections are filed, the Court may conduct a hearing remotely by ZOOM for government. Please refer to the Bankruptcy Court website www.nysb.uscourts.gov and/or contact the undersigned for guidance.

Dated: October 25, 2022
      White Plains, New York

                                        **PENACHIO MALARA LLP**
                                        /s/Anne Penachio
                                        Anne Penachio, Esq.
                                        Counsel to the Debtor
                                        245 Main Street - Suite 450
                                        White Plains, NY 10601
                                        (914) 946-2889

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
In re                                    : CHAPTER 11
                                         : (Subchapter V)
LAURA MARCELA PIGNATARO                  :
a/k/a MARCELA PIGNATARO                  :
a/k/a LAURA MOLINA,                      :
                                         : CASE NO.: 22-22276-SHL
                                         :
                Debtor.                  :
------------------------------------X

**ORDER AUTHORIZING THE RETENTION OF MALTZ AUCTIONS AS REAL ESTATE BROKER, MARKETING AGENT AND <u>AUCTIONEER FOR THE DEBTOR</u>**

Upon the application, dated October 20, 2022 (the "Application") of **LAURA MARCELA PIGNATARO** a/k/a **MARCELA PIGNATARO** a/k/a/ **LAURA MOLINA**, the debtor and debtor in possession herein (the "Debtor") for an order pursuant to Section 327(a) of Title 11, United States Code, as amended (the "Bankruptcy Code") Bankruptcy Rule 2014(a) and Local Bankruptcy Rule 2014-1 seeking authority to employ Maltz Auctions (the "Auctioneer") as real estate broker, marketing agent and auctioneer; and upon on the accompanying affirmation of the Auctioneer; and, after due notice of the Application and the opportunity for a hearing thereon, there being no objections to the requested relief; and it appearing that the Auctioneer, does not hold or represent an interest adverse to the Debtor or to her estate; that it is disinterested under section 101(14) of the Bankruptcy Code, and that its retention is necessary and in the best interests of the Debtor and her estate; and no further notice or a hearing being required, it is hereby

**ORDERED,** that the Application is granted as set forth herein; and it is further

**ORDERED,** that in accordance with § 327(a) of the Bankruptcy Code, the Debtor is authorized is retain and employ the Auctioneer on the terms of the Marketing & Exclusive

Sales Agreement between the Auctioneer and the Debtor (the "Agreement") except as otherwise provided herein; and it is further

**ORDERED,** that the compensation and reimbursement of expenses of the Auctioneer shall be paid for by the bidder at the auction and any other and further compensation shall be sought upon, and paid only upon an order granting, a proper application pursuant to §§ 330 and 331 of the Bankruptcy Code, as the case may be, and the applicable Bankruptcy Rules, Local Rules and fee and expense guidelines and orders of this Court; and it is further

**ORDERED**, that to the extent that the Auctioneer is seeking reimbursement of expenses including any legal fees in connection with enforcement of the Agreement, any such request for legal fees or reimbursement of expenses shall be subject to the approval of the Bankruptcy Court on application with notice and a hearing pursuant to 11 U.S.C. §330; and it is further

**ORDERED,** that any modification to the Agreement shall be subject to Court approval on application and notice to all interested parties; and it is further

**ORDERED**, that notwithstanding any other agreement between the parties, or the Agreement, all compensation is subject to the jurisdiction of this Court; and it is further

**ORDERED,** that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order and any and all applications by Maltz are subject to notice and a hearing in accordance with applicable law and rules; and it is further

**ORDERED,** that if there is any inconsistency between the terms of this Order, the Application, the Affirmation in support thereof and the engagement letter between the Debtor and Maltz, the terms of this Order shall govern.

Dated: White Plains, New York
       November___, 2022

                                                                       _____
                                                                         U.S. Bankruptcy Judge
                                                                         Honorable Sean H. Lane

PENACHIO MALARA, LLP
Counsel for the Debtor
245 Main Street Suite 450
White Plains, NY 10601
(914) 946-2889
Anne Penachio, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
In re                                                : CHAPTER 11
                                                     : (Subchapter V)
    LAURA MARCELA PIGNATARO      :
    a/k/a MARCELA PIGNATARO      :
    a/k/a LAURA MOLINA,          :
                                                     : CASE NO.: 22-22276-SHL
                                                     :
                         Debtor.  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**APPLICATION IN SUPPORT OF AN ORDER AUTHORIZING THE RETENTION OF MALTZ AUCTIONS AS REAL ESTATE BROKER, MARKETING AGENT AND AUCTIONEER FOR THE DEBTOR**

        The application of **LAURA MARCELA PIGNATARO** a/k/a **MARCELA PIGNATARO** a/k/a/ **LAURA MOLINA**, the above-referenced debtor (the "Debtor"), for an order authorizing the retention of **MALTZ AUCTIONS** ("Maltz") as real estate broker, marketing agent and auctioneer, respectfully sets forth and alleges:

### THE DEBTOR'S BANKRUPTCY BACKGROUND

    1.    On May 18, 2022, the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code. The Debtor elected to be treated as a Small Business under Sub-Chapter V.

    2.    Since the filing, the Debtor has continued in the management of her property as a debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code. No official committee of unsecured creditors or other statutory committee and no examiner has been appointed in this case. Samuel Dawidowicz serves as the Sub-Chapter V Trustee.

1

3. The last day to file claims for non-government entities was July 21, 2022 (Dkt. No. 27).

4. The application to approve the retention of Penachio Malara, LLP as counsel for the Debtor is pending (Dkt. No. 22).

5. The Debtor co-owns the premises at 20 Kings Ferry Road, Montrose, NY 10548 (the "Premises") with her estranged husband, Frank Pignataro (Frank"). The Premises is a two-family home. Upon information and belief, one unit in the Premises is occupied by a tenant. The other is vacant.

6. Pre-petition, the Debtor was a party of a highly contested matrimonial proceeding. Within the context of that proceeding, Frank was appointed as Temporary Receiver to control certain property interests of the Debtor.

7. The Debtor believes that Frank mismanaged her finances including the Premises. According to the Debtor, Frank is collecting the rent and retaining it. Unfortunately, the mortgages remain unpaid.

8. The Premises, which the Debtor believes is worth in the range of $550,000.00, is encumbered by a senior mortgage held by New Rez and a junior mortgage held by United Brokerage in the approximate amounts of $80,000.00 and $140,000.00. Hudson Insurance Company ("Hudson") also holds a lien on the Premises. It was granted a secured position when it extended a bond to the Debtor's company, Casabella Contracting of New York. Selective Insurance Company of America may also hold an interest in the Premises.

9. In the context of this Chapter 11 proceeding, the Debtor's goal is to provide a viable Chapter 11 plan predicated, in part, on the sale of the Premises.

10. The Debtor now seeks to retain Maltz to sell the Premises at an auction sale subject to the supervision of this Court.

11. Prior to the submission of this application, counsel reached out to creditors regarding same. Creditors agreed, in sum and substance, to Maltz's retention.

12. Frank indicated that he would oppose the motion. Although he is not paying the mortgages, Frank indicated that his goal is to retain the Premises and "buy" the Debtor's interest.

### III. APPLICATION, JURISDICTION AND STATUTORY PREDICATES FOR RELIEF

13. By this application, the Debtor seeks to retain Maltz as her real estate broker, marketing agent and auctioneer.

14 This Court has jurisdiction over the Application pursuant to 28 U.S.C. Sections 157 and 134 and the "Standing Order of Referral of Cases to Bankruptcy Judges" dated July 10, 1984 (Ward, Acting C.J.). Venue in this District is proper pursuant to 28 U.S.C. § 1408.

15. The statutory predicates for the relief sought herein are Section 327(a) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Rule 2014-a of Local Rule 2014-1 of the United States Bankruptcy Court for the Sothern District of New York.

### IV. THE NEED FOR REAL ESTATE BROKER, MARKETING AGENT AND AUCTIONEER

16. The Debtor requires the assistance of Maltz to consummate the sale of the Premises.

17. Maltz will be seeking a commission of a six (6%) percent buyer's premium, to be paid by the successful bidder. A copy of the agreement is annexed hereto as Exhibit A.

18. Maltz does not represent any interest adverse to the interest of the Debtor or her estate in the retention upon which it is to be engaged. It has no relationship with the Office of the United States Trustee or any of its staff other than a professional one.

## V. MALTZ IS DISINTERESTED

19. Bankruptcy Code Section 327(a) provides in relevant part that a debtor, "with the court's approval, may employ one or more attorneys, accountants, auctioneers, or other professional persons, that do no hold or represent an interest adverse to the estate, and that are disinterested persons...."

20. A "disinterested person," as the term is defined in Bankruptcy Code Section 101(14), means a person that:

> does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor ..., or for any other reason[.]

21. Rule 2014(a) of the Federal Rules of Bankruptcy Procedure sets forth the requirements for any professional that seeks to be employed pursuant to Section 327(a). Rule 2014(a) provides as follows:

> (a) Application for an order of employment. An order approving the employment of attorneys, accountants, appraisers, auctioneers, agents, or other professionals pursuant to 327 ... shall be made only on application of the trustee or committee. The application shall be filed and ... a copy of the application shall be transmitted by the applicant to the United States trustee. The application shall state the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee. The application shall be accompanied by a verified statement of the person to be employed setting forth the person's connections with the debtor,

creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

22. It is submitted that Maltz is disinterested. It has no interest adverse to the Debtor or any other party in interest   Moreover, Maltz has made the requisite showing required by the Bankruptcy Rule 2014(a).  An affirmation of Richard Maltz is annexed hereto as <u>Exhibit</u> <u>B</u>.

23. Because the facts and circumstances set forth herein do not present novel issues of law, it is respectfully requested that the requirement of filing a memorandum of law be waived.

**WHEREFORE**, the Debtor respectfully prays that this Court enter the order in the form annexed hereto authorizing Maltz to act as its real estate broker, marketing agent and auctioneer and granting such other and further relief as is just and proper.

Dated:  October 25, 2022
        White Plains, NY                         **PENACHIO MALARA, LLP**

<u>/s/ Anne Penachio</u>
Anne Penachio
Counsel to the Debtor
245 Main Street-Suite 450
White Plains, NY 10601