PENACHIO MALARA, LLP
Anne Penachio, Esq.
245 Main Street - Suite 450
White Plains, New York 10601
T: (914) 946-2889
F: (914) 206-4884

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X

IN RE:                                                                    CHAPTER 11

    LAURA MARCELA PIGNATARO                      CASE NO. 22-22276 (SHL)
    A/K/A MARCELA PIGNATARO
    A/K/A LAURA MOLINA

                          DEBTOR
-----------------------------------------------------------------X

**AFFIDAVIT PURSUANT TO SECTION 329 OF THE UNITED STATES BANKRUPTCY CODE AND RULE 2016 OF THE FEDERAL RULE OF BANKRUPTCY PROCEDURE**

STATE OF NEW YORK       )

                                  SS

COUNTY OF WESTCHESTER   )

**I, JAMES J. RUFO**, being duly sworn, deposes and states as follows

1. I am an attorney admitted to practice law in the State of New York and I am also admitted to practice in the Southern District of New York.

2. The debtor, Laura Marcela Pignataro a/k/a Marcela Pignataro a/k/a Laura Molina (the "Debtor" and the "Debtor-in-Possession") seeks to retain me as special litigation counsel in Debtor's Chapter 11 case. I make this Affidavit in support of Debtor's Application to retain me as Special Litigation Counsel for the Debtor in this case.

3. No agreement exists between Applicant and any other person for a division of compensation to be received for services in connection with the instant Chapter 11 case, nor

shall Applicant share or agree to share compensation paid or allowed from the Estate for such services with any other person, other than as permitted by section 504 of the code.

4. I do not have any connection with the Debtor, its creditors, or any other party in interest herein or their respective attorney except as described below. Furthermore, I am not a pre-petition creditor of the Debtor.

5. Based on all the foregoing, I respectfully submit that I do not hold nor represent any interest adverse to the Debtor herein or its estate, in the matters upon which they are to be engaged.

6. No agreement or understanding prohibited by Section 155 of Title 18 of the United States Code or Section 504 of Title 11 of the United States Code has been or will be made by Applicant.

7. All services to be rendered for which compensation will be sought, will be for services to be rendered to the Debtor solely in connection with the Debtor's Chapter 11 case and not on behalf of any individual creditors and/or other persons. I will make fee applications to the Court for approval of attorney's fees and costs in accordance with the Bankruptcy Code.

8. Prior to the instant application, I was retained by Casabella Contracting of N.Y., Inc., in its chapter 11 case, In re: Casabella Contracting of N.Y., Inc. ("Casabella"), Case No. 22-22205 (SHL), pursuant to an order of this court, dated July 7, 2022.

9. Subsequently, Casabella's chapter 11 case was converted to chapter 7, pursuant to an order entered by this court, dated July 11, 2022.

10. On July 13, 2022, Yann Geron, Esq. was appointed as the chapter 7 trustee.

11. The professional services that I will render include the following:

    a. Drafting and filing adversary proceedings in this bankruptcy case and representation of the Debtor in the adversary proceedings

    b. Drafting and filing Applications for Examination and Production of Documents under Bankruptcy Rule 2004 and conducting Examinations under Bankruptcy Rule 2004; and

    c. Advising the Debtor on various litigation matters.

12. The hourly rates charged for legal services in this case are $400.00/HR for attorney time and $200.00/HR for paraprofessionals.

13. To the best of my knowledge I am a "disinterested person" as the term is defined in Bankruptcy Code Section 101(14) in that (a) I am not a creditor, equity security holder or insider of the Debtor; (b) I am not an investment banker for any outstanding security of the Debtor; (c) I have not been within two years before the date of the filing of the Debtor's petition been an investment banker for a security of the Debtor, or an attorney for such investment banker in connection with the offer, sale, issuance of a security of the Debtor; (d) I am not and was not within two years before the date of the filing of the Debtor's petition a director, officer or employee of the Debtor's or an investment banker specified in parts (b) or (c) of this paragraph; and (e) I do not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with or interest in the Debtor's or an investment banker specified in parts (b) or (c) of this paragraph, or for any other reason.

14. A review of the Debtor's pleadings has been conducted to identify a list of the Debtor's known creditors or pending litigation for potential conflicts. No known conflicts have been identified.

15. In so far as I have been able to ascertain, I am a disinterested party in Section 101(14) of the Bankruptcy Code, hold no interest nor represents any adverse interest to and have no connection to the Debtor, the Debtor's estate, its creditors or any other party or interest or their respective attorneys and accountants with respect to matters for which I am to be engaged, other than as specifically set forth above.

16. I am not aware of any past or present relationship that would disqualify me representing this Debtor.

17. No previous application for the relief sought herein has been made.

Dated: White Plains, NY

By: _____
James J. Rufo, Esq.
The Law Office of James J. Rufo
*Proposed Special Counsel for Debtor*
1133 Westchester Avenue, Suite N-202
White Plains, NY 10465
(914) 600-7161
jrufo@jamesrufolaw.com

Sworn to before me this
9th day of January 2023

_____



David F. Fair
STATE OF NEW YORK
NOTARY PUBLIC
Qualified in Westchester County
02FA6412031
MY COMMISSION EXPIRES 12.14.2024