UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

IN RE:

    LAURA MARCELA PIGNATARO
    aka MARCELA PIGNATARO
    aka LAURA MOLINA,

            Debtor.

**AFFIRMATION**
Chapter 7
Case No. 22-22276-SHL

---

    Deborah Kall Schaal Esq., under penalty of perjury, states as follows:

    1.    I am an attorney representing Santander Consumer USA Inc. dba Chrysler Capital ("Movant"), a secured creditor of the above-referenced debtor. I make this affirmation in support of Movant's motion to lift the automatic stay with respect to debtor's 2020 Ram 1500, VIN# 1C6SRFLT2LN264942.

    2.    On March 28, 2020, debtor entered into a Retail Installment Contract with JJLG Motors Inc. ("the dealer") for the purchase of a 2020 Ram 1500, VIN# 1C6SRFLT2LN264942 and granted the dealer a purchase money security interest the vehicle. The contract was subsequently assigned for value to Movant, which maintains a valid security interest in the vehicle. A copy of the Notice of Recorded Lien evidencing the lien is attached hereto as Exhibit A. A copy of the Retail Installment Contract evidencing this indebtedness is attached hereto as Exhibit B.

    3.    Debtor filed a Chapter 11 bankruptcy in the Southern District of New York on May 18, 2022. The case converted to Chapter 7 on September 26, 2024.

    4.    As set forth in the attached affidavit of Gavin Douglas, debtor has failed to make monthly payments of $721.69 due September 26, 2022 through October 26, 2024 and as a result, is in arrears $18,763.94 as of October 29, 2024.

    5.    As set forth in the affidavit of Gavin Douglas, the total amount owing to Movant as of October 29, 2024 is $41,136.33.

    6.    According to NADA, the average trade-in value of this vehicle is $34,925.00, and the average retail value is $39,600.00. A copy of the NADA valuation is attached hereto as Exhibit C. Therefore, there is no equity in this property for distribution to creditors.

7. Movant does not have proof that this vehicle is adequately insured for collision, with a policy naming Movant as an additional insured.

8. Cause exists to lift the stay under 11 U.S.C. 362(d)(1), as debtor has failed to make monthly payments, and Movant does not have proof of insurance, so Movant's interests are not being adequately protected. Cause also exists to lift the stay under 11 U.S.C. Sec. 362(d)(2) because there is no equity in the property for distribution to creditors, and it is not necessary to an effective reorganization because this is a Chapter 7 case.

9. Cause also exists to waive the 14 day stay pursuant to Bankruptcy Rule 4001 because debtor continues to drive Movant's moving, depreciating collateral, without making payments and without providing proof of insurance.

10. A proposed order is attached hereto as Exhibit D.

**WHEREFORE**, Movant respectfully requests an order lifting the automatic stay to allow Movant to exercise its rights with respect to property known as debtor's 2020 Ram 1500, VIN# 1C6SRFLT2LN264942, to waive the stay invoked pursuant to Bankruptcy Rule 4001(a)(3), and for such other and further relief as to the court seems just and proper.

Dated: November 4, 2024

_____
Deborah Kall Schaal Esq.